UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONNA M. JOHNSON,

                              Plaintiff,

        v.                                              08-CV-0226

AMERICAN LEGION POST 162 and
CARL KELLOGG, Individually and in his
capacity as Commander of the American
Legion Post 162,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff commenced the instant action pursuant to Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law alleging discrimination arising out of the termination of her employment with Defendant American Legion Post 162 ("Post 162"). Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12 or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56, seeking dismissal of the Complaint in its entirety.

**I.    FACTS**

      According to the Complaint, Plaintiff was employed as a part-time bartender with Post 162. During her employment with Post 162, she was subject to sexual harassment by Defendant Carl Kellogg and others. Plaintiff further alleges that, shortly after complaining about the harassment, her employment at Post 162 was terminated. After exhausting her

administrative remedies, Plaintiff commenced the instant action asserting violations of Title VII and the New York State Human Rights Law. Defendants now move to dismiss the Complaint on the grounds that Post 162 is exempt from Title VII and is not an "employer" within the meaning of Title VII. Plaintiff has not opposed the motion.

## II.     DISCUSSION

Defendant Post 162 claims it is not an "employer" within the meaning of Title VII. To constitute an "employer" within the meaning of Title VII, an entity must be "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year. . . ." 42 U.S.C. § 2000e(b). "[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief. . . ." Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006).

Here, the undisputed facts demonstrate that Defendant has not employed more than five persons for the years at issue here.[1] Because Post 162 does not have the requisite number of employees, it is not an "employer" within the meaning of Title VII and Plaintiff is unable to satisfy an element of her claim for relief. As such, the Title VII claims must be dismissed.

Having dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims.

---

[1] Defendants submitted a properly supported Statement of Material Facts pursuant to N.D.N.Y.L.R. 7.1(a)(3) stating that "[b]etween January 1, 2006 and the present [the dates at issue here], Post 162 has never employed more than five employees in any calendar year." Plaintiff did not submit a responsive statement of material facts. Accordingly, these facts are deemed admitted.

**III.     CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and the Complaint is DISMISSED.  The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated: July 28, 2008

Thomas J. McAvoy
Senior, U.S. District Judge